United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HUGO CESAR RODRIGUEZ-LOPEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-649 |
| | § | |
| TODD BLANCHE *et al.* | § | |

## ORDER

Before the Court is Petitioner's Emergency Motion to Enforce the Court's July 7, 2026 Order and for Immediate Release from Custody (Dkt. No. 8). For the reasons below, Petitioner's motion is **GRANTED IN PART** (Dkt. No. 8).

## I. LEGAL STANDARDS

"It is axiomatic that federal courts possess inherent power to enforce their judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation modified) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Federal Rule of Civil Procedure 70 recognizes this inherent authority:

> If a judgment requires a party . . . to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

## II. DISCUSSION

The Court plainly ordered Respondents to provide Petitioner with a bond hearing if he had been detained pursuant to 8 U.S.C. § 1225(b)(2)(A) for ninety or more days (Dkt. No. 7 at 1). No bond hearing was held; Petitioner requests his immediate release, arguing governing law is unsettled in this area and an Immigration Judge ("IJ") previously found he was not a flight risk or a danger to the community (Dkt. No. 8 at 3). Respondents

admit they failed to comply with the Court's Order; however, they argue they lacked notice of it (Dkt. No. 10 at 1–2). They represent to the Court that they "will comply with any and all deadlines in a timely manner" moving forward (Dkt. No. 10 at 2). However, they generally oppose Petitioner's release (Dkt. No. 10 at 1).

Taking them at their word, the Court **ORDERS** Respondents to provide Petitioner with a bond hearing within **five (5) business days** of the date of this Order. "[A]t the hearing, the Government must articulate an individualized justification for further detention without bond." *Rodriguez v. Ortega*, 180 F.4th 702, 728 (5th Cir.), *reh'g en banc granted, opinion vacated sub nom. Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026). Obviously, dangerousness and flight risk may be relevant factors, but "the Government may be able to assert another justification why an unadmitted alien must be detained." *Id.* However, the IJ may not solely rest any denial of Petitioner's bond on lack of jurisdiction under *Buenrostro-Mendez*'s principles. *Vieira v. de Anda-Ybarra*, 806 F. Supp. 3d 690, 702 (W.D. Tex. 2025). Should they continue to disclaim jurisdiction, Respondents must immediately release Petitioner.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Emergency Motion to Enforce the Court's July 7, 2026 Order and for Immediate Release from Custody (Dkt. No. 8) is **GRANTED IN PART**. Respondents **must** provide Petitioner with a bond hearing within **five (5) business days** of the date of this Order.

Respondents are further **ORDERED** to file an advisory within **three (3) business days** of the bond hearing, stating whether Petitioner was released, and if so,

detailing the conditions of his release.

Finally, the Court **ADMONISHES** Respondents to monitor the docket pursuant to its previous Order (Dkt. No. 3 at 2). It will not take any purported lack of notice into account going forward.

It is so **ORDERED**.

**SIGNED** August 19, 2026.

Marina Garcia Marmolejo
United States District Judge